AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Central District of California


LODGED
CLERK, U.S. DISTRICT COURT
07/31/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DVE___ DEPUTY


FILED
July 31, 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY: Nancy Boehme
Deputy Clerk, U.S. District Court

United States of America,
v.

RUBEN GONZALEZ GAZPAR,
aka "Ruben Gazpar Gonzalez,",

Defendant(s)

Case No.  8:25-mj-00626-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of January 12, 2021, in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1326(a), (b)(1) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Pursuant to Fed. R. Crim. P. 4.1
Complainant's signature

JARED BROMBERG, Deportation Officer, DHS
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 7/31/25

Judge's signature

City and state: Santa Ana, California

HONORABLE SHASHI H. KEWALRAMANI
UNITED STATES MAGISTRATE JUDGE
Printed name and title

AUSA: L. Kole

**AFFIDAVIT**

I, Jared Bromberg, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a complaint and arrest warrant against RUBEN GONZALEZ GAZPAR, aka "Ruben Gazpar Gonzalez," (GONZALEZ) charging him with violating Title 8, United States Code, Section 1326 (Illegal Alien Found in the United States Following Deportation or Removal).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, data contained in Department of Homeland Security ("DHS") databases, the Alien File ("A-File") that is assigned to GONZALEZ, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF JARED BROMBERG

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June 2009.  I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office,

Santa Ana sub-office. Prior to working as a DO with ICE, I worked as an Immigration Enforcement Agent with ICE since February 2007. Prior to working for ICE, I worked as a Customs and Border Protection Officer with United States Customs and Border Protection ("CBP") since July 2004. Prior to working for CBP, I worked as an Immigration Inspector for INS since August 2002.

### III. STATEMENT OF PROBABLE CAUSE

On or about January 12, 2021, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that GONZALEZ had recently been encountered by the Orange County Sheriff's Department. On or about January 12, 2021, GONZALEZ was determined to be at the Orange County Jail in Santa Ana, California by Deportation Officer Ram ("DO Ram"). DO Ram is authorized to enforce Immigration laws pursuant to Section 287(a) of the Immigration and Nationality Act. An Immigration Detainer-Notice of Action (Form I-247A) was issued against GONZALEZ.

4.   Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by DHS and its predecessor agency, the

Immigration and Naturalization Service ("INS"), with respect to the subject alien for whom the DHS A-File is maintained.

    5. On or about July 17, 2025, I reviewed DHS A-File A95-740-790 (the "DHS A-File"), which is maintained for the subject alien "GONZALEZ." The DHS A-File contained the following documents and information:

        a. A Record of Deportable/Inadmissible Alien (Form I-213) dated on or about November 27, 2007, listing a Federal Bureau of Investigation Identification number (FBI number). I compared the FBI number to the one listed on the electronic notification received from the PERC. These documents list the same FBI identification number. I thus believe that this DHS A-File and its contents corresponded to GONZALEZ.

        b. The following documents related to GONZALEZ's removal:

            i. An Order of the Immigration Judge showing that GONZALEZ was ordered removed to Mexico by Robert O. Vicars, Jr., Immigration Judge, Lancaster, California, on or about March 12, 2008.

            ii. An executed Warrant of Removal/Deportation (Form I-205) indicating that GONZALEZ was officially removed from the United States on or about March 17, 2008.

        c. I know from my training and experience that a Warrant of Removal, a Warrant of Removal/Deportation, or a Notice to Alien Ordered Removed/Departure Verification is executed each time a subject alien is removed or excluded from the United States by DHS (and its predecessor agency, INS) and

usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in GONZALEZ's DHS A-File contained a photograph, signature, and fingerprint.

        d.  A record of conviction showing that GONZALEZ was convicted on or about February 11, 2004, of Possession of Cocaine Base, in violation Section 11350(a) of the California Health and Safety Code, in the Superior Court of the State of California, County of Orange, case number 04CF0421, for which imposition of sentence was suspended and GONZALEZ was sentenced to three years of formal probation. On or about April 9, 2004, GONZALEZ was found to be in violation of his probation and was sentenced to 90 days of imprisonment. On or about July 27, 2004, Gonzalez was found to be in violation of his probation and was sentenced to 180 days of imprisonment.

        e.  A record of conviction showing that GONZALEZ was convicted on or about July 2, 2004, of Possession of Cocaine, in violation Section 11350(a) of the California Health and Safety Code, in the Superior Court of the State of California, County of Orange, case number 04HF1015, for which imposition of sentence was suspended and GONZALEZ was sentenced to three years of formal probation. On or about July 27, 2004, GONZALEZ was found to be in violation of his probation and was sentenced to 90 days of imprisonment.

6.  The I-213 dated on or about November 27, 2007, indicates that GONZALEZ admitted to being a citizen of Mexico.

7.   The DHS A-File included a printout from the Central Index System listing A-Number A73-972-525 which included GONZALEZ's date of birth and the name Ruben Gazpar Gonzalez.  On or about July 17, 2025, I received a scan of all documents in A-File A73-972-525 from the National Records Center. A review of these documents did not reveal that the subject of this A-File obtained any legal status in the United States under A73-972-525.  A review of these documents also did not reveal any record of the subject of this A-File receiving from the Attorney General or the Secretary of Homeland Security, permission to reapply for admission to the United States following the date of GONZALEZ's last deportation and removal.

8.   On or about July 18, 2025, I reviewed the DHS computer indices on GONZALEZ.  Based on my training and experience, I know that the DHS computer indices track and document each time an alien is removed, deported, or excluded from the United States by DHS, was removed, deported, or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The DHS computer indices confirmed that GONZALEZ had been removed, deported, and/or excluded on or about the date indicated on Warrant of Removal/Deportation found in GONZALEZ's DHS A-File.  The DHS computer indices further indicated that GONZALEZ had not obtained from the Attorney General or the Secretary of Homeland Security, permission to reapply for admission to the United States following his last deportation and removal.

9. Based on my review of GONZALEZ's DHS A-File, I determined that it does not contain any record of his receiving from the Attorney General or the Secretary of Homeland Security, permission to reapply for admission to the United States following his last deportation and removal. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in GONZALEZ's DHS A-File.

## IV. CONCLUSION

For all the reasons described above, there is probable cause to believe that RUBEN GONZALEZ GAZPAR has committed a violation of Title 8, United States Code, Sections 1326(a), (b)(1), Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 31st day of July
2025.

_____
HONORABLE SHASHI H. KEWALRAMANI
UNITED STATES MAGISTRATE JUDGE

6